1
2
3
4
5
6
7

The Honorable Richard A. Jones

8

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

UNITED STATES OF AMERICA,

NO.  2:18-cr-00131-RAJ

Plaintiff,

12

v.

13

EDDRICK JEROME BAKER,

ORDER ON DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE

14

Defendant.

15

16

17

18

19

20

        This matter comes before the Court on Defendant Eddrick Jerome Baker's motion
for compassionate release.  Dkt. 1560.  Having thoroughly considered the parties'
briefing, and the relevant record, the Court finds oral argument unnecessary and hereby
**DENIES** the motion for the reasons explained herein.

21

## I. BACKGROUND

22

23

24

25

26

27

28

        Mr. Baker is an inmate currently detained at Federal Correctional Institution
Florence, with a projected release date of April 13, 2024.  On June 18, 2019, he entered a
plea to one count of Conspiracy to Distribute Controlled Substances, in violation of Title
21, United States Code, Sections 841(a)(1), (b)(1)(C), and 846, and one count of Carrying
a Firearm During and in Relation to a Drug Trafficking Crime, in violation of Title 18,
United States Code, Sections 924(c)(1)(A)(i) and 2.  Dkt. 838.  On October 4, 2019, this
Court sentenced Mr. Baker to 60 months and one day in custody, to be followed by three

years of supervised release.  Dkt. 1134.  Mr. Baker now moves for compassionate release arguing that he presents extraordinary and compelling reasons for the Court to reduce his sentence to time served or to convert his remaining custodial time to be served on home confinement.

## II. DISCUSSION

### A.    Legal Standard for Compassionate Release

A federal court generally "may not modify a term of imprisonment once it has been imposed. *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c).

Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception allowing a court to reduce a term of imprisonment for "extraordinary and compelling reasons." While under the original statute, only the Bureau of Prisons (BOP) Director could file such a motion, that limitation has been revised.  As part of the First Step Act of 2018, Congress amended § 3582(c)(1)(A) to allow a defendant to seek a reduction from the BOP and that request has been denied or 30 days have passed.

Congress failed to provide a statutory definition of "extraordinary and compelling reasons."  Instead, Congress stated that the Sentencing Commission "in promulgating general policy statements regarding the sentencing modification provisions in 18 U.S.C. § 3582(c)(1)(A) shall describe what should be considered extraordinary and compelling reasons for sentence reduction." A policy statement was issued and embodied in U.S.S.G. § 1B1.13.

The Sentencing Commission's policy statement, in turn, says that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community" and "extraordinary and compelling reasons warrant such a reduction." United States Sentencing Guidelines ("USSG") § 1B1.13.  The policy statement clarifies that such reasons exist when (1) "the defendant is suffering from a terminal illness" or (2) "the defendant is suffering from a serious physical or mental

condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13 cmt. n.1. The policy statement also directs a court to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether compassionate release is appropriate and what form compassionate release should take. USSC § 1B1.13 cmt. n.4.

While the Sentencing Commission did issue a policy statement regarding "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," *United States v. Aruda,* No. 20-10245, 2021 WL 1307884 (9th Cir., Apr. 8, 2021) has since held the current version of § 1B1.13 refers only to motions filed by the BOP Director and does not reference motions filed by a defendant as now allowed under § 3582(c)(1)(A). Consequently, this Court may consider U.S.S.G. § 1B1.13 in exercising its discretion, but the policy statement is not binding.

In adopting this rationale, the Ninth adopted the reasoning of five other circuits. In *Aruda, Id.,* the Court specifically referenced the explanation of the Fourth Circuit:

> "[t]here is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered…to consider *any* extraordinary and compelling reason for release that a defendant might raise. '" *United States v. McCoy,* 981 F3rd 271, 284 (4th Cir. 2020) (quoting *United States v. Brooker,* 976 F.3d 228, 230 (2nd Cir. 2020)."

In light of the foregoing, § 1B1.13 may inform this Court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding.

Mr. Baker's motion seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. As amended, § 3582(c)(1)(A) permits an inmate, who satisfies certain statutorily mandated conditions, to file a motion with the sentencing court for "compassionate release."

///

**B.     Exhaustion of Administrative Remedies**

Prior to considering the merits of Mr. Baker's motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release.  *See* 18 U.S.C. § 3582(c)(1)(A).  On November 4, 2021, Mr. Baker submitted a Form BP9 to the BOP.  On November 15, 2021, the BOP denied his request.  Dkt. 1560, Ex. 3.  Based on the evidence presented, the Court finds the statutorily required 30-day period has expired, and Mr. Baker's motion is properly before the Court.

**C.     Extraordinary and Compelling Circumstances.**

The Court must next determine if extraordinary and compelling circumstances warrant a reduction of Mr. Baker's term of imprisonment.  *See* 18 U.S.C. § 3582(c)(1)(A)(i).  To be eligible for this Court to exercise its discretion for a reduced sentence, Mr. Baker bears the burden to show "extraordinary and compelling reasons" for compassionate release to be granted.

Mr. Baker argues that his medical conditions, specifically obesity, pre-diabetes, and possible hypertension render him at higher risk for developing serious illness should he contract coronavirus-19 (COVID-19).  As additional risk factors he indicates he was a long-term smoker, he sees spots, and has persistent headaches.  He states that the BOP has failed to provide him appropriate medical care for these issues.  Dkt. 1560.

In support of his motion, Mr. Baker also sets forth claims regarding the conditions at FCI Florence which place him at further risk of contracting the virus, highlighting the inadequate levels of staffing, overcrowding, and insufficient access to medical care. Dkt. 1560.

While acknowledging Mr. Baker does suffer from obesity, a condition that is recognized by the Centers for Disease Control and Prevention (CDC) as a risk factor for severe complications from COVID-19, the government argues that the grounds set forth by Mr. Baker do not support compassionate release in that his medical conditions are not severe, and that his risk of contracting COVID-19 and suffering serious consequences

1   should he become infected is substantially mitigated by the fact he has been vaccinated,

2   having received two doses of the Pfizer vaccine in September 2021 and is now eligible

3   for the booster dose.  Dkt. 1567.

4        The government highlights recent decisions from other courts around the country,

5   including within this district, that have held that given the significant efficacy of the

6   vaccinations, that the risk of contracting COVID-19 in a prison setting is no longer

7   grounds for a sentence reduction, even for inmates who suffer from medical conditions.

8   Dkt. 1567.

9        As to Mr. Baker's other medical claims, the government indicates that the medical

10  records submitted indicate that while Mr. Baker claims he is pre-diabetic, not only has he

11  not been diagnosed as such, pre-diabetes is not a condition that the CDC has recognized

12  as a risk factor for complications from COVID-19.  Dkt. 1567.

13       Addressing Mr. Baker's claim that he was a long-term smoker, the government

14  states that the medical records submitted indicate that Mr. Baker reported having never

15  been a smoker.  In response to Mr. Baker's claims that the BOP has failed to take his

16  medical issues seriously and provide him adequate care, the government indicates that

17  Mr. Baker's medical records evidence that he has received care not only for seeing spots

18  and headaches, but has also been treated recently by medical staff for depression, lower

19  back pain, foot problems, removal of ear wax, and other issues.  Dkt. 1567.

20       The government sets forth in detail the efforts being undertaken by the BOP to

21  mitigate the spread of the virus, indicating that the efforts have proven effective as the

22  number of cases of COVID-19 has dropped dramatically in the federal prison system.

23  Dkt. 1567.

24       The Court finds that Mr. Baker's receipt of the vaccination diminishes his

25  arguments about his vulnerability to COVID-19.  He received two doses of the Pfizer

26  vaccine in September 2021.  Dkt. 1569, Ex. A, at 70.  Moreover, he is eligible for a

27  booster shot, and that is assuming he has not already received one since the date of his

28  filing of this motion.  While no vaccine is 100% effective, it substantially reduces the

likelihood of Mr. Baker contracting the virus.  He is thus left with just the argument of his fear of contracting the virus.  While concerns about contracting the virus are certainly understandable, "[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence." *See, United States v. Eberhart,* \_F. Supp. 3d\_, 2020 WL 1450745 at *2 (N.D. Cal. 2020); *United States v. Stanard,* 2020 WL 221948 (W.D. WA. May 7, 2020) and *United States v. Fuentes*, 2020 WL 1937398 (E.D. Ca. Apr. 22, 2020).

Mr. Baker has also raised a host of health conditions including a claim of being obese, pre-diabetic, and suffering from hypertension.  The Court has reviewed the entirety of his submitted medical records while he has been incarcerated at the BOP. While there may be references to these conditions in these records, there is no convincing evidence that these conditions cannot be managed or treated during his incarceration. The records also indicate Mr. Baker has sought medical care and treatment for a variety of conditions.  The records are replete with evidence he has routinely been able to see a treating physician, been given care, medication, or treatment to address his concerns.

Consequently, the Court agrees with the government that "chronic but manageable medical conditions alone do not constitute extraordinary and compelling circumstances." *United States v. Miller,* No. 15-cr-00471-CRB-1, 2021 WL 2711728, at *4 (N.D. Cal. July 1, 2021).

In support of his motion, Mr. Baker cites to *United States v. Locke,* No. 2:cr-18-00132-RAJ as a comparator case.  The analogy is not close.  While the two defendants fit within the CDC's definition of severe obesity, the direct comparison ceases.  In *Locke*, counsel provided medical documentation summarizing the defendant's prior medical issues that included acid reflux disease, anxiety, congestive heart failure, chronic kidney disease, coronary artery disease, depression, diabetes type 2, controlled diverticulitis, gout, hyperlipidemia, hypertension, palpitations, panic attacks, post-traumatic stress disorder, sleep apnea, renal insufficiency, spinal stenosis, and evidence that he previously suffered a stroke and underwent surgery for cardiac catheterization.  It was this

"constellation" of medical conditions that served as the basis for granting Mr. Locke's release.

Mr. Baker's medical conditions pale in comparison to those of Mr. Locke. While certain of his medical conditions were raised with BOP staff, there is insufficient evidence that the treatment or care was insufficient to address the health issues raised.

The last issue raised by Mr. Baker is whether the BOP is adequately protecting prisoners' health. Mr. Baker is currently serving his sentence at FCI Florence. The Court has monitored this facility for COVID impact and positive indications of the virus. The March 28, 2022 reporting indicated 1 staff positive, 2 inmate deaths, 712 inmates recovered, and 102 staff recovered. The May 3, 2022 reporting indicated nearly identical results except the numbers now show 689 inmates recovered and the same statistics for staff recovered.

While numbers alone do not indicate the safety of efforts to address prisoners' health, the government has provided an unrebutted articulation of measures undertaken since March 2020 to reduce the risk of infection to Mr. Baker and others while incarcerated. In light of the record before this Court, Mr. Baker has not provided sufficient evidence to support his claim for a reduction in sentence.

**D. Safety of Others**

The Court next turns to whether Mr. Baker presents a danger to the safety of any other person or to the community. As noted above, while not bound by U.S.S.G. §1B1.13, this Court exercises its discretion and will consider the 18 U.S.C. § 3553(a) factors in assessing whether a reduction in sentence is appropriate.

In making this determination, the Court looks to the nature and circumstances of the underlying offense, the weight of evidence against him, his history and characteristics, and the nature and seriousness of the danger his release would pose to any person or the community. 18 U.S.C. §3142(g). The Court may not reduce a defendant's

1   sentence unless it finds that "the defendant is not a danger to the safety of any other

2   person or to the community, as provided in 18 U.S.C. § 3142(g)."

3       While acknowledging the seriousness of his offense, Mr. Baker indicates that the

4   time he has served to date in this matter has profoundly affected him and helped him to

5   grow as a person.  He argues that courts have granted compassionate release to

6   defendants who have committed more serious and dangerous crimes.  Mr. Baker points

7   out that while he did possess a firearm along with a controlled substance, specifically

8   cocaine, he did not use or brandish the firearm.  He highlights his lack of criminal

9   history, his strong support network of family and friends, and his promising employment

10  opportunity as factors that support his argument that he would not be a danger to the

11  community if released.  Dkt. 1560.

12      The government does not analyze whether the defendant presents a danger to the

13  safety of any other person or to the community.  Instead, the government merely

14  references the dangerous nature of the defendant's conduct in the instant offense.  This is

15  a consideration the Court will address in the following section of this Order.

16  ### E.  Other 18 U.S.C. § 3553(a) Factors

17

18      In determining whether to grant Mr. Baker's compassionate release under 18

19  U.S.C. § 3582(c)(1)(A), the Court also considers the relevant factors other than noted

20  above as set forth under 18 U.S.C. § 3553(a).  These factors include the need for the

21  sentence imposed, the kinds of sentences available, promoting respect for the law,

22  providing just punishment for the offense, avoiding unwarranted sentencing disparities,

23  and providing medical care in the most efficient manner.  18 U.S.C. § 3553(a)(2)(B, C,

24  D); 18 U.S.C. § 3582(c)(1)(A).

25      Mr. Baker argues that upon a reweighing of the § 3553(a) factors, the Court should

26  find that his sentence is now greater than necessary to provide just punishment, indicating

27  that when imposing the original sentence the Court could not have foreseen that Mr.

28  Baker would be subject to the risk of serious illness or even death.  Dkt. 1560.

1    Mr. Baker further indicates that the Court had an inaccurate view of Mr. Baker's
2  criminal history at the time of sentencing given that he is now eligible to seek vacation of
3  his only other felony criminal conviction.  Mr. Baker argues that it may have impacted
4  the Court's sentencing decision had Mr. Baker been able to seek vacation of his prior
5  conviction before the original sentencing in this matter.  Dkt. 1560.
6    The government disagrees and argues that a reweighing of the § 3553(a) factors,
7  particularly the nature, circumstances, and seriousness of these offenses, and the potential
8  for significant sentencing disparity in this large multidefendant conspiracy case, does not
9  provide a basis for the Court to reduce the sentence originally imposed.  Dkt. 1567.
10    The Court accepts that Mr. Baker's prior felony conviction may have resulted in
11  an inaccurate perception of him in light of a recent court decision affecting his prior
12  criminal history.  While that conviction may have been a factor, the more probative
13  determination is Mr. Baker's conduct in the instant offense, which included his
14  distribution of illegal drugs while carrying a .357 Magnum revolver.  This was extremely
15  dangerous conduct.  The Court imposed the 60-month mandatory minimum sentence.
16  This sentence was consistent with the sentences imposed on all of the other defendants
17  who were likewise charged with drug trafficking with a firearm.  To alter Mr. Baker's
18  sentence on the record before this Court would cause sentencing disparity.  Given the
19  nature, circumstances and seriousness of this offense, the sentence originally imposed by
20  this Court remains intact. Application of the § 3553 factors in this regard do not warrant
21  the extraordinary remedy sought by Mr. Baker.
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

ORDER - 9

### III.  CONCLUSION

For the foregoing reasons, Defendant Eddrick Jerome Baker's motion for compassionate release is **DENIED**.

DATED this 4th day of May, 2022.


The Honorable Richard A. Jones
United States District Judge

ORDER - 10